# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| Bricklayers and Allied Craftworkers Service Corporation, a Minnesota nonprofit corporation, | |
| Plaintiff, | Civil Action No. 19-cv-2588 (MJD/ECW) |
| vs. | |
| Archithority United L.L.C., a Minnesota Limited Liability Company, and Elena F. Kotowski, individually, | |
| Defendants. | |

_____

**FINDINGS OF FACT, CONCLUSIONS OF LAW, ORDER FOR JUDGMENT**
_____

The above-entitled matter came before the Court on the 18th day of February, 2020 on Plaintiff's Motion for Entry of Default Judgment (ECF Document No. 9). Thomas C. Atmore, Esq., Leonard, O'Brien, Spencer, Gale & Sayre, Ltd., appeared as counsel for Plaintiff. There were no other appearances.

The Court, having reviewed the Complaint, the Clerk of Court's Entry of Default, the Affidavit of Thomas C. Atmore, the Affidavit of Lora Lessard, the

Affidavit of Melody Lommen, Plaintiff's Memorandum of Law in Support of Motion for Entry of Default Judgment, and upon all files, records and proceedings herein, makes the following:

### FINDINGS OF FACT

1. This action was brought pursuant to the Employment Retirement Income Security Act of 1974 ("ERISA") to compel a payroll audit, compel compliance with fringe benefit reporting requirements, to collect any unpaid fringe benefit contributions shown to be due, and to require the posting of a surety bond.

2. This court has jurisdiction over this action pursuant to 29 U.S.C. §1132(e). Subject matter jurisdiction is also conferred by Section 301 of the LMRA, 29 U.S.C. §185, and also by 28 U.S.C. §1331. To the extent the court does not have original jurisdiction over any claim made herein, the court takes supplemental jurisdiction over any such claim pursuant to 28 U.S.C. §1367(a).

3. Venue of this action in this District is proper pursuant to 29 U.S.C. §1132(e)(2) (§502(e)(2) of ERISA), insofar as the BAC Funds are administered in this District, the Defendants' breaches took place in this District, and Defendants reside in this District.

4. Plaintiff, Bricklayers and Allied Craftworkers Service Corporation, ("BAC Service Corp"), is a Minnesota nonprofit corporation, serving in a fiduciary capacity as the servicing and collection agent for certain nonprofit, tax-exempt entities relating to the Bricklayers and Allied Craftworkers Trades and work performed within the geographical area of the International Union of Bricklayers and Allied Craftworkers, Local 1 Minnesota/North Dakota/South Dakota (collectively, the "BAC Funds").

5. The BAC Funds are established to provide pension, health, training and other benefits to individuals providing labor in the trades under the jurisdiction of the International Union of Bricklayers and Allied Craftworkers, Local 1 Minnesota/North Dakota ("Local 1"), for employers who are bound to a Collective Bargaining Agreement, and also to the eligible dependents of those individuals.

6. The BAC Service Corporation is a fiduciary under ERISA as defined at 29 U.S.C. §1002(21) and is expressly authorized to commence this action under 29 U.S.C. §1132(e)(1) and to collect, demand and enforce all employer obligations due, and owed, to the BAC Funds.

7. Defendant Archithority United L.L.C. ("Archithority") is a limited liability company existing under the laws of the State of Minnesota, having a registered address at 9220 James Street, Bloomington, MN 55431.

8. Defendant Elena F. Kotowski ("Kotowski") is an adult resident of the State of Minnesota. Kotowski is the owner and officer of Archithority.

9. The BAC Funds are established to provide pension, health, training and other benefits to individuals and their eligible dependents, for those individuals that perform labor in the Bricklayers and Allied Craftworkers Trades within the jurisdiction of Local 1 ("Covered Work"). Employers who are bound to a Collective Bargaining Agreement with Local 1, or another binding agreement such as a Project Labor Agreement, agree to make contributions for their employees performing Covered Work and to otherwise comply with ERISA and the terms of the signed agreements.

10. On or about August 6, 2018, Archithority signed a *Minnesota Statewide Independent Agreement* with Local 1 ("Agreement"). Kotowski signed the Agreement as "Owner" of Archithority.

11. The Agreement binds Archithority to the *Minnesota Statewide Agreement* ("CBA") by and between the Associated General Contractors of

Minnesota, the Minnesota Concrete and Masonry Contractors Association, Local 1, and Independent Employers, as amended by the Agreement.

12. The CBA is effective for the stated period of May 1, 2016 through April 30, 2019. Pursuant to the terms and conditions of the CBA, absent written notice of termination given at least sixty (60) days before the April 30, 2019 expiration date, the CBA renewed automatically for a further period of twelve (12) months. Neither party to the CBA gave written notice of termination at least 60 days before the expiration date, and accordingly the CBA automatically renewed and remains in full force and effect.

13. By virtue of the express terms of the Agreement, Kotowski, as Owner and, upon information and belief, an Officer of Archithority, is personally and individually bound to the terms and conditions of the Agreement and CBA, including, but not limited to, complying with reasonable requests for an audit, paying fringe benefits and other amounts owed to the BAC Funds, and posting a bond or cash security as required by the CBA and Agreement.

14. Pursuant to applicable law, the CBA, and the provisions of a written *Policies and Procedures for Collection of Employer Contributions* ("Collections Policy") adopted by the Plaintiff, Archithority is obligated to maintain and retain

employment and payroll records and to comply with the BAC Service Corp's request, made through the Third Party Administrator ("TPA") for the BAC Funds, to audit Archithority's employment and payroll books and records. The purpose of such an audit is to determine whether Archithority is complying with its obligations under the ERISA and the CBA to report and pay fringe benefit contributions.

15. Article 22 of the CBA provides, in part, that if an employer fails to comply with a reasonable request for an audit, the employer authorizes a suit against the employer to compel the audit and also agrees to pay all costs and disbursements, including legal fees, incurred by the Plaintiff in such a lawsuit and also to pay the fees and costs incurred in conducting the audit.

16. Pursuant to 29 U.S.C. §1145, every employer who is obligated to make contributions under the terms of a collective bargaining agreement shall, to the extent not inconsistent with the law, make such contributions in accordance with the terms and conditions of such agreement.

17. Pursuant to the CBA, every month Archithority is required, on a monthly basis, to submit to the TPA fringe benefit contribution *Report Forms*, and to pay fringe benefit contributions for each hour of Covered Work performed by

Archithority's employees. The *Report Forms* and fringe benefit contributions are due on or before the 15th day of the month following the month in which the work was performed. An employer who fails to timely report and pay fringe benefit contributions is referred to as "delinquent."

18. Pursuant to 29 U.S.C. §1132(g)(2)(C) and Article 22 of the CBA, if Archithority failed to timely pay fringe benefit contributions, then, in addition to those contributions, Archithority became obligated to pay an amount equal to the greater of (i) interest on the unpaid contributions, or (ii) liquidated damages in an amount of ten percent (10%) of the unpaid contributions.

19. Pursuant to the Agreement and CBA, an employer, upon first signing a collective bargaining agreement with Local 1 must post with the TPA a Surety Bond, in a form acceptable to the BAC Fund Trustees, to insure compliance with the employers' obligations under the CBA. Such bond must remain in place for a period of three (3) years from the date of signing the CBA.

20. The face amount of the Surety Bond described above is based upon the number of collectively bargained employees ("CBEs") employed by the employer. Employers with five (5) or less CBEs must post a bond in the amount of $50,000. Employers with six (6) or more CBEs must post a bond in the amount

of $100,000. Further, if an employer is required to post a $50,000 bond based on having 5 or less CBEs and thereafter employs six (6) or more CBEs for two consecutive reporting periods the employer must then replace the $50,000 Surety Bond with a $100,000 Surety Bond.

21. To allow a new signatory employer time to obtain the required Surety Bond, at the time of signing the CBA the employer is allowed to provide a Cashier's Check in the amount of $10,000 made payable to the BAC Funds. Within seven days thereafter, the employer must post the Surety Bond as described in paragraph 20 above.

22. In addition to the initial bonding requirements described above, the CBA further provides that if an employer becomes delinquent in any obligation under the CBA and remains delinquent for more than thirty (30) calendar days, the employer must then immediately post a Surety Bond in the amount described in paragraph 20 above, and such bond must remain in place for three (3) years

23. Under 29 U.S.C. §1132(g)(2)(D) and Article 22 of the CBA, Defendants are obligated to pay all costs of collection, including attorney's fees and costs, incurred by Plaintiff in pursuing compliance with fringe benefit reporting and payment obligations.

24. Under the Collections Policy, Archithority was subject to being audited, including after it had first signed a collective bargaining agreement with Local 1 and had been bound to that agreement for at least six (6) months.

25. As noted above, Archithority signed the CBA on August 6, 2018. Since Archithority had not previously been bound to a collective bargaining agreement with Local 1, under the Collections Policy Archithority was subject to being audited on or after February 6, 2019.

26. On March 6, 2019, the TPA sent written notice to Archithority of the Funds' intent to conduct an audit and requesting the scheduling of that audit during the week of March 25, 2019, at Archithority's offices. Archithority failed to promptly respond to the audit demand.

27. The TPA sent a second letter to Archithority's owner, Elena Kotowski, on April 26, 2019, to again request cooperation in scheduling an audit. Ms. Kotowski did not comply with the audit demand. Archithority and Kotowski have also failed to respond to three (3) written demands for audit compliance, sent by mail, certified mail and email, from counsel for the Plaintiff. The last such demand was sent on August 16, 2019. No response has been received.

28. Archithority has also failed to submit monthly fringe benefit reports to the TPA and has failed to pay any amounts that may be due. Specifically, since August 6, 2018, Archithority has submitted only one *Report Form* for Covered Work performed in August 2018. Archithority has submitted checks in payment of base fringe benefit obligations, but without liquidated damages or interest, and whether the amounts are correct is unknown, since the payments were not accompanied by the required reporting.

29. Archithority has also failed to post a Surety Bond as required by the CBA.

30. On September 25, 2019, Plaintiff initiated the present action by filing the *Complaint*, which sought the following relief:

> WHEREFORE, Plaintiff respectfully requests that the Court order that judgment be entered against the Defendants, jointly and severally, as follows:
>
> 1. Ordering Defendants to immediately submit to the TPA all necessary employment and payroll records and any other relevant information necessary for a fringe benefit audit, and further ordering the Defendants to otherwise cooperate fully with that fringe benefit

audit;

2. Ordering Defendants to immediately submit to the TPA all monthly reports required by the CBA;

3. Ordering Defendants to immediately post a Surety Bond with the TPA all in the amount required by the CBA;

4. Awarding to Plaintiff:

 A. The sum of all the fringe benefit contributions shown due and owing as of the commencement of this action and any additional fringe benefit contributions that become due during the pendency of this action;

 B. Interest on all delinquent contributions due and owing at the rate of 8% per annum as provided in the plan from their due date(s) until paid;

 C. Statutory damages in an amount equal to the greater of: 1) liquidated damages in the amount of ten percent (10%) on all unpaid fringe benefit contributions; or 2) interest on all unpaid fringe benefit contributions due and owing at the rate of 8% per annum as provided

in the plan;

5. Awarding to Plaintiff all of the reasonable attorney's fees, costs and disbursements incurred by Plaintiff in pursuing compliance with ERISA and the CBA, collection of the amounts due, and in pursuing this action, and also awarding to Plaintiff the costs and fees incurred in performing the audit; and

6. Granting such other legal or equitable relief as the Court deems appropriate.

31. Archithority was served with the *Summons* and *Complaint* on November 1, 2019. Archithority has failed to respond in any way to the *Complaint*. On December 26, 2019, the Clerk of Court entered default against Archithority.

32. As noted above, under the CBA, Collections Policy and ERISA, delinquent employers are obligated to pay the attorney's fees and costs incurred by the BAC Service Corp in pursuing collection, including the fees and costs incurred in this action.

33. As of December 31, 2019, Plaintiff had incurred attorney's fees of $7,650.10 and costs of $936.00. Plaintiff subsequently submitted an affidavit detailing additional amounts incurred between January 1, 2020 and the February

18, 2020 hearing on the motion.  Plaintiff incurred additional attorney's fees of $6,166.00 during the period from January 1, 2020 to the date of the hearing.  No additional costs were incurred.  The total amount of reasonable and necessary legal fees incurred by Plaintiff is $13,468.10. The total costs are $936.00.

## CONCLUSIONS OF LAW

1. Defendant Archithority is in default, and Plaintiff is entitled to the entry of default judgment against Defendant Archithority under Rule 55(b)(2) of the Fed. R. Civ. P.

2. Defendant Archithority is obligated to furnish the TPA all employment and payroll records necessary to conduct a fringe benefit audit.

3. Defendant Archithority is obligated to post with the TPA a surety bond in the amount of $50,000.00 or $100,000.00, depending on the number of collectively bargained employees Archithority employs.

4. Defendant Archithority is liable for all amounts determined to be owed as a result of the audit, together with such interest or liquidated damages as may be owing, as well as the attorney's fees and costs incurred in this action.

## ORDER

Based upon the foregoing Findings of Fact and Conclusions of Law,

**IT IS HEREBY ORDERED:**

1.      That Plaintiff's Motion for Entry of Default Judgment (ECF Document No. 9) is granted.

2.      That within 30 days of the date of this Order, Archithority United, LLC ("Archithority"), by and through its owner Elena F. Kotowski, is ordered and directed to furnish Zenith American Solutions, Inc., the Plaintiff's Third Party Administrator, all necessary employment and payroll records for a fringe benefit audit, and to cooperate fully with the fringe benefit audit.

3.      That Defendant Archithority is ordered to post with Plaintiff's Third-Party Administrator a $50,000.00 or $100,000.00 surety bond, depending on the number of collectively bargained employees Archithority employs.

4.      That Judgment is granted in favor of the Plaintiff and against the Defendant Archithority United, LLC for:

   a.   The unpaid fringe benefit contributions determined to be owed as a result of the fringe benefit audit;

   b.   Interest on the fringe benefit contributions owing at the rate of 8% as provided in the plan;

    c.      The greater of liquidated damages of 10% of the fringe benefit contributions owing a provided in the plan or interest on the fringe benefit contributions owing at 8% as provided in the plan; and

    d.      Plaintiff's reasonable attorney fees and costs and disbursements incurred in this action, including the cost of conducting the fringe benefit audit.

5. Plaintiff is awarded its attorney's fees and costs incurred to date in the total amount of $14,404.10.

6. That upon completion of the fringe benefit audit as ordered herein, Plaintiff shall forthwith serve and file an Affidavit of the fringe benefit auditor setting forth the amount of the unpaid contributions Defendant Archithority owe Plaintiff through the date of the audit, liquidated damages owing, and interest on the unpaid contributions, and an Affidavit of Plaintiff's counsel setting forth the amount of the reasonable attorney fees and costs incurred since the date of this order. Defendant Archithority shall be allowed ten days after service and filing of the Affidavits to serve and file any objections to the amounts stated in the Affidavits. Upon the expiration of the ten-day period, the Court will order

Judgment against the Defendant for a sum certain as determined by the Court together with attorney's fees and costs, without further hearing.

7. That Plaintiff's counsel shall forthwith mail a copy of this Order to Defendant Archithority at its last known address by both first-class mail and certified mail, return receipt requested, which shall constitute due and proper service of this Order.

BY THE COURT:

Dated: February 20, 2020     s/ Michael J. Davis
Michael J. Davis
United States District Court